LENDER: First National Bank
Auburn, TRed
P O Box 2829
Auburn, AL 36831-2829

# CONTINUING GUARANTY

| GUARANTOR: | BORROWER: |
|---|---|
| SRM Financial, Inc. | R & L Trucking Co., Inc. |
| P O Box 2445 | |
| Opelika, AL 36803-2445 | 2405 South Uniroyal Road |
| 52-2128461 | Opelika, AL 36801 |

**1. CONSIDERATION.** This Guaranty is being executed to induce Lender indicated above to enter into one or more loans or other financial accommodations with or on behalf of Borrower.

**2. GUARANTY.** Guarantor hereby unconditionally guarantees the prompt and full payment and performance and promises to pay all of Borrower's present and future, joint and/or several, direct and indirect, absolute and contingent, express and implied, indebtedness, liabilities, obligations and covenants (cumulatively "Indebtedness") to Lender as follows:

[X] **UNLIMITED:** Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall be unlimited and shall include, all present and future written agreements between Borrower and Lender (**whether executed for the same or different purposes**) including, but not limited to, the promissory notes and agreements described below evidencing the indebtedness, together with all interest and all of Lender's expenses and costs (including, but not limited to, attorney's fees and other costs incurred by Lender to collect the Indebtedness and/or to protect, maintain, or operate any collateral given as security for the Indebtedness, or preserve the priority of Lender's lien thereon or security interest therein) incurred in connection with the indebtedness including any amendments, extensions, modifications, renewals, replacements or substitutions thereto.

[ ] **LIMITED TO AN AMOUNT:** Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall include all present and future written agreements between Borrower and Lender (**whether executed for the same or different purposes**) including, but not limited to, the promissory notes and agreements described below evidencing the indebtedness, but shall be limited to the principal amount of _____ Dollars ($_____), together with all interest and all of Lender's expenses and costs incurred in connection with the indebtedness including any amendments, extensions, modifications, renewals, replacements or substitutions thereto. This limitation on the liability of Guarantor shall not apply to any costs (including, but not limited to, attorney's fees) incurred by Lender pursuant to paragraph 21.

[ ] **LIMITED TO THE FOLLOWING DESCRIBED NOTES/AGREEMENTS:** Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall be limited to the following described promissory notes and agreements between Borrower and Lender evidencing the indebtedness, together with all interest and all of Lender's expenses and costs (including, but not limited to, attorney's fees and other costs incurred by Lender to collect the Indebtedness and/or to protect, maintain, or operate any collateral given as security for the Indebtedness, or preserve the priority of Lender's lien thereon or security interest therein) incurred in connection with the indebtedness including any amendments, extensions, modifications renewals, replacements or substitutions thereto:

| INTEREST RATE | PRINCIPAL AMOUNT/ CREDIT LIMIT | FUNDING DATE | MATURITY DATE | CUSTOMER NUMBER | LOAN NUMBER |
|---|---|---|---|---|---|
| | | | | | |

### NOTICE TO GUARANTOR

You are being asked to guarantee this debt. Think carefully before you do so. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collections costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the Borrower. The Lender can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for this debt.

---

GUARANTOR ACKNOWLEDGES GUARANTOR HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS AND CONDITIONS OF THIS GUARANTY INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE SIDE. GUARANTOR HAS EXECUTED THIS GUARANTY WITH THE INTENT TO BE LEGALLY BOUND NOTWITHSTANDING ANY FAILURE BY ANY OTHER PERSON TO SIGN THIS GUARANTY. GUARANTOR ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS GUARANTY.

CAUTION -- IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

GUARANTOR:
SRM Financial, Inc.
BY: _[signature]_
Stanley R. Melton, IV    4/25/2002    Date

GUARANTOR: _____ Date

GUARANTOR: _____ Date

GUARANTOR: _____ Date

EXHIBIT 9

3. **ABSOLUTE AND CONTINUING NATURE OF GUARANTY.** Guarantor's Obligations are absolute and continuing and shall not be affected or impaired if Lender repeatedly and unconditionally amends, renews, extends, compromises, exchanges, fails to exercise, or perfects rights in, impairs or releases any collateral or any of the indebtedness owed by any Borrower, co-guarantor, or any third party (even if such impairs Guarantor's right of subrogation) or any of Lender's rights against any Borrower, co-guarantor, third party, or collateral. In addition, the Obligations shall not be affected or impaired by the discharge including, but not limited to, any inability to collect a deficiency judgement against Borrower, Guarantor or a third party) death, incompetency, termination, dissolution, insolvency, business cessation, or other financial deterioration of any Borrower, Guarantor, or third party.

4. **DIRECT AND UNCONDITIONAL NATURE OF GUARANTY.** Guarantor's Obligations under this Guaranty are direct and unconditional and may be enforced without requiring Lender to exercise, enforce, or exhaust any right or remedy against any Borrower, co-guarantor, third party, or collateral.

5. **WAIVER OF NOTICE.** Guarantor hereby waives notice of the acceptance of this Guaranty; notice of present and future extensions of credit and other financial accommodations by Lender to any Borrower; notice of presentment for payment, demand, protest, dishonor, default, and nonpayment pertaining to the indebtedness and this Guaranty.

6. **DEFAULT.** Guarantor will be in default under this Guaranty in the event that any Guarantor:
   (a) fails to make any payment under this Guaranty or any other obligation to Lender when due (whether such amount is due at maturity, by acceleration, or otherwise);
   (b) fails to perform any obligation or breaches any warranty or covenant to Lender contained in any loan document or this Guaranty or any other present or future promissory note or written agreement;
   (c) provides or causes any false or misleading signature or representation to be provided to Lender;
   (d) has a garnishment, judgment, tax levy, attachment or lien entered or served against any Guarantor, or any of their property;
   (e) dies, becomes legally incompetent, is dissolved or terminated, ceases to operate its business, becomes insolvent, makes an assignment for the benefit of creditors, or becomes the subject of any bankruptcy, insolvency or debtor rehabilitation proceedings; or
   (f) causes Lender, in good faith, to believe the prospect of payment or performance is impaired.

7. **RIGHTS OF LENDER ON DEFAULT.** If there is a default under this Guaranty, Lender shall be entitled to exercise one or more of the following remedies without notice or demand (except as required by law):
   (a) to declare Guarantor's Obligations under this Guaranty immediately due and payable in full;
   (b) to collect the outstanding Obligations under this Guaranty with or without resorting to judicial process;
   (c) to set-off Guarantor's Obligations against any amounts due to Guarantor, including, but not limited to, monies, instruments, and deposit accounts maintained with Lender; and
   (d) to exercise all other rights available to Lender under any other written agreement or applicable law.
   Lender's rights are cumulative and may be exercised together, separately, and in any order. Lender's remedies under this paragraph are in addition to those available under applicable law, including, but not limited to, the right to set-off.

8. **SUBORDINATION.** The payment of any present or future indebtedness of Borrower to Guarantor will be postponed and subordinated to the payment in full of any present or future indebtedness of Borrower to Lender during the term of this Agreement. In the event that Guarantor receives any monies, instruments, or other remittances to be applied against Borrower's obligations to Guarantor, Guarantor will hold these funds in trust for Lender and immediately endorse or assign (if necessary) and deliver these monies, instruments and other remittances to Lender. Guarantor agrees that Lender shall be preferred to Guarantor in any assignment for the benefit of creditors in any bankruptcy, insolvency, liquidation, or reorganization proceeding commenced by or against Borrower in any federal or state court.

9. **INDEPENDENT INVESTIGATION.** Guarantor's execution and delivery to Lender of this Guaranty is based solely upon Guarantor's independent investigation of Borrower's financial condition and not upon any written or oral representation of Lender in any manner. Guarantor assumes full responsibility for obtaining any additional information regarding Borrower's financial condition and Lender shall not be required to furnish Guarantor with any information of any kind regarding Borrower's financial condition.

10. **ACCEPTANCE OF RISKS.** Guarantor acknowledges the absolute and continuing nature of this Guaranty and voluntarily accepts the full range of risks associated herewith including, but not limited to, the risk that Borrower's financial condition shall deteriorate or, if this Guaranty is unlimited, the risk that Borrower shall incur additional indebtedness to Lender in the future.

11. **SUBROGATION.** Guarantor hereby irrevocably waives and releases the Borrower from all "claims" (as defined in Section 101(5) of the Bankruptcy Code) to which Guarantor is or would, at any time, be entitled by virtue of its obligations under this Guaranty, including, without limitation, any right of subrogation (whether contractual, under Section 509 of the Bankruptcy Code or otherwise), reimbursement, contribution, exoneration or similar right against the Borrower, any co-guarantor, any third party or any collateral.

12. **APPLICATION OF PAYMENTS.** Lender will be entitled to apply any payments or other monies received from Borrower, any third party, or any collateral against Borrower's present or future indebtedness in any order.

13. **ESSENCE OF TIME.** Guarantor and Lender agree that time is of the essence to the performance of any, and all, of the Guarantor's Obligations under this Guaranty. This is a guaranty of payment and not of collection.

14. **TERMINATION.** This Guaranty shall remain in full force and effect until Lender executes and delivers to Guarantor a written release thereof. Notwithstanding the foregoing, Guarantor shall be entitled to terminate any unlimited guaranty of Borrower's future indebtedness to Lender by providing Lender with written notice of such termination by hand-delivery or certified mail. Notice shall be deemed given when received by Lender. Such notice of termination shall not affect or impair any of the agreements and Obligations of the Guarantor under this Guaranty with respect to any of the Obligations existing prior to the time of actual receipt of such notice by Lender, any extensions or renewals thereof, and any interest on any of the foregoing.

15. **ASSIGNMENT.** Guarantor agrees not to assign any of Guarantor's rights or Obligations described in this Guaranty without Lender's proper written consent which may be withheld by Lender in its sole discretion. Guarantor agrees that Lender is entitled to assign some or all of its rights and remedies described in this Guaranty without notice to or the prior consent of Guarantor in any manner. Unless the Lender shall otherwise consent in writing, the Lender shall have an unimpaired right prior and superior to that of any assignee, to enforce this Guaranty for the benefit of the Lender, as to those Obligations that the Lender has not assigned.

16. **MODIFICATION AND WAIVER.** The modification or waiver of any of Guarantor's Obligations or Lender's rights under this Guaranty must be contained in a writing signed by Lender. Lender may delay in exercising or fail to exercise any of its rights without causing a waiver of those rights. A waiver on one occasion shall not constitute a waiver on any other occasion.

17. **SUCCESSORS AND ASSIGNS.** This Guaranty shall be binding upon and inure to the benefit of Guarantor and Lender and their respective successors, assigns, trustees, receivers, administrators, personal representatives, legatees, and devisees.

18. **NOTICE.** Any notice or other communication to be provided under this Guaranty shall be in writing and sent to the parties at the addresses described in this Guaranty or such other addresses as the parties may designate in writing from time to time.

19. **SEVERABILITY.** If any provision of this Guaranty is invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

20. **APPLICABLE LAW.** This Guaranty shall be governed by the laws of the state indicated in Lender's address. Unless applicable law provides otherwise, Guarantor consents to the jurisdiction and venue of any court located in such state selected by Lender, in its discretion, in the event of any legal proceeding under this Guaranty.

21. **COLLECTION COSTS.** If Guarantor is in default and Lender has to sue or take other steps to collect or secure the Obligations, Guarantor agrees to pay Lender's reasonable costs. If the Obligations exceed $300 and Lender refers the matter to an attorney who is not a salaried employee of Lender, Guarantor agrees that these costs include a reasonable attorney's fee. If this Guaranty secures obligations incurred primarily for a consumer's personal, family, or household use, a reasonable attorney's fee will not exceed 15% of the obligations.

22. **REPRESENTATIONS OF GUARANTOR.** Guarantor acknowledges receipt of reasonably equivalent value in consideration for the execution of this Guaranty and represents that, after giving effect to this Guaranty, the fair market value of Guarantor's assets exceeds Guarantor's total liabilities, including contingent, subordinate and unliquidated liabilities, that Guarantor has sufficient cash flow to meet debts as they mature, and is paying its debts as they mature, and that Guarantor does not have unreasonably small capital.

23. **MISCELLANEOUS.** This Guaranty is executed in connection with a loan for personal, family or household purposes. Guarantor will provide Lender with a current financial statement upon request. All references to Guarantor in this Guaranty shall include all persons signing this Guaranty. If there is more than one Guarantor, their obligations under this Guaranty shall be joint and several. This Guaranty represents the complete and integrated understanding between Guarantor and Lender regarding the terms hereof.

24. **JURY TRIAL WAIVER. LENDER AND GUARANTOR HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CIVIL ACTION ARISING OUT OF, OR BASED UPON, THIS GUARANTY.**

25. **ADDITIONAL TERMS:**

ALCNTGR Rev. (11/25/98)

FROBE04252002014338P

LENDER: Farmer's National Bank
Auburn Office
P O Box 2829
Auburn, AL 36831-2829

# CONTINUING GUARANTY

| **GUARANTOR:** | **BORROWER:** |
|---|---|
| Stanley R. Melton IV | R & L Trucking Co., Inc. |
| 3705 Flintwood Lane<br>Opelika, AL 36801<br>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 | 2405 South Uniroyal Road<br>Opelika, AL 36801 |

**1. CONSIDERATION.** This Guaranty is being executed to induce Lender indicated above to enter into one or more loans or other financial accommodations with or on behalf of Borrower.

**2. GUARANTY.** Guarantor hereby unconditionally guarantees the prompt and full payment and performance and promises to pay all of Borrower's present and future, joint and/or several, direct and indirect, absolute and contingent, express and implied, indebtedness, liabilities, obligations and covenants (cumulatively "Indebtedness") to Lender as follows:

[X] UNLIMITED: Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall be unlimited and shall include, all present and future written agreements between Borrower and Lender (**whether executed for the same or different purposes**) including, but not limited to, the promissory notes and agreements described below evidencing the indebtedness, together with all interest and all of Lender's expenses and costs (including, but not limited to, attorney's fees and other costs incurred by Lender to collect the Indebtedness and/or to protect, maintain, or operate any collateral given as security for the Indebtedness, or preserve the priority of Lender's lien thereon or security interest therein) incurred in connection with the indebtedness including any amendments, extensions, modifications, renewals, replacements or substitutions thereto.

[ ] LIMITED TO AN AMOUNT: Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall include all present and future written agreements between Borrower and Lender (**whether executed for the same or different purposes**) including, but not limited to, the promissory notes and agreements described below evidencing the indebtedness, but shall be limited to the principal amount of_____ Dollars ($_____), together with all interest and all of Lender's expenses and costs incurred in connection with the indebtedness including any amendments, extensions, modifications, renewals, replacements or substitutions thereto. This limitation on the liability of Guarantor shall not apply to any costs (including, but not limited to, attorney's fees) incurred by Lender pursuant to paragraph 21.

[ ] LIMITED TO THE FOLLOWING DESCRIBED NOTES/AGREEMENTS: Guarantor's liabilities and obligations under this Guaranty ("Obligations") shall be limited to the following described promissory notes and agreements between Borrower and Lender evidencing the indebtedness, together with all interest and all of Lender's expenses and costs (including, but not limited to, attorney's fees and other costs incurred by Lender to collect the Indebtedness and/or to protect, maintain, or operate any collateral given as security for the Indebtedness, or preserve the priority of Lender's lien thereon or security interest therein) incurred in connection with the indebtedness including any amendments, extensions, modifications renewals, replacements or substitutions thereto:

| INTEREST RATE | PRINCIPAL AMOUNT/ CREDIT LIMIT | FUNDING DATE | MATURITY DATE | CUSTOMER NUMBER | LOAN NUMBER |
|---|---|---|---|---|---|
| | | | | | |

### NOTICE TO GUARANTOR

You are being asked to guarantee this debt. Think carefully before you do so. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collections costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the Borrower. The Lender can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for this debt.

---

**GUARANTOR ACKNOWLEDGES GUARANTOR HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS AND CONDITIONS OF THIS GUARANTY INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE SIDE. GUARANTOR HAS EXECUTED THIS GUARANTY WITH THE INTENT TO BE LEGALLY BOUND NOTWITHSTANDING ANY FAILURE BY ANY OTHER PERSON TO SIGN THIS GUARANTY. GUARANTOR ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS GUARANTY.**

CAUTION -- IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

| GUARANTOR: | GUARANTOR: |
|---|---|
| Stanley R. Melton, IV | |
| BY: /s/ Stanley R. Melton IV    4/25/2002    Date | _____    Date |
| GUARANTOR: | GUARANTOR: |
| _____    Date | _____    Date |

FROBE04252002014338P

ALCNTGR Rev. (11/25/98)

3. ABSOLUTE AND CONTINUING NATURE OF GUARANTY. Guarantor's Obligations are absolute and shall not be affected or impaired if Lender repeatedly and unconditionally amends, renews, extends, compromises, exchanges, fails to exercise, or perfects rights in, impairs or releases any collateral or any of the indebtedness owed by any Borrower, co-guarantor, or any third party (even if such impairs Guarantor's right of subrogation) or any of Lender's rights against any Borrower, co-guarantor, third party, or collateral. In addition, the Obligations shall not be affected or impaired by the discharge including, but not limited to, any inability to collect a deficiency judgement against Borrower, Guarantor or a third party) death, incompetency, termination, dissolution, insolvency, business cessation, or other financial deterioration of any Borrower, Guarantor, or third party.

4. **DIRECT AND UNCONDITIONAL NATURE OF GUARANTY.** Guarantor's Obligations under this Guaranty are direct and unconditional and may be enforced without requiring Lender to exercise, enforce, or exhaust any right or remedy against any Borrower, co-guarantor, third party, or collateral.

5. **WAIVER OF NOTICE.** Guarantor hereby waives notice of the acceptance of this Guaranty; notice of present and future extensions of credit and other financial accommodations by Lender to any Borrower; notice of presentment for payment, demand, protest, dishonor, default, and nonpayment pertaining to the indebtedness and this Guaranty.

6. **DEFAULT.** Guarantor will be in default under this Guaranty in the event that any Guarantor:
   (a) fails to make any payment under this Guaranty or any other obligation to Lender when due (whether such amount is due at maturity, by acceleration, or otherwise);
   (b) fails to perform any obligation or breaches any warranty or covenant to Lender contained in any loan document or this Guaranty or any other present or future promissory note or written agreement;
   (c) provides or causes any false or misleading signature or representation to be provided to Lender;
   (d) has a garnishment, judgment, tax levy, attachment or lien entered or served against any Guarantor, or any of their property;
   (e) dies, becomes legally incompetent, is dissolved or terminated, ceases to operate its business, becomes insolvent, makes an assignment for the benefit of creditors, or becomes the subject of any bankruptcy, insolvency or debtor rehabilitation proceedings; or
   (f) causes Lender, in good faith, to believe the prospect of payment or performance is impaired.

7. **RIGHTS OF LENDER ON DEFAULT.** If there is a default under this Guaranty, Lender shall be entitled to exercise one or more of the following remedies without notice or demand (except as required by law):
   (a) to declare Guarantor's Obligations under this Guaranty immediately due and payable in full;
   (b) to collect the outstanding Obligations under this Guaranty with or without resorting to judicial process;
   (c) to set-off Guarantor's Obligations against any amounts due to Guarantor, including, but not limited to monies, instruments, and deposit accounts maintained with Lender; and
   (d) to exercise all other rights available to Lender under any other written agreement or applicable law.
   Lender's rights are cumulative and may be exercised together, separately, and in any order. Lender's remedies under this paragraph are in addition to those available under applicable law, including, but not limited to, the right to set-off.

8. **SUBORDINATION.** The payment of any present or future indebtedness of Borrower to Guarantor will be postponed and subordinated to the payment in full of any present or future indebtedness of Borrower to Lender during the term of this Agreement. In the event that Guarantor receives any monies, instruments, or other remittances to be applied against Borrower's obligations to Guarantor, Guarantor will hold these funds in trust for Lender and immediately endorse or assign (if necessary) and deliver these monies, instruments and other remittances to Lender. Guarantor agrees that Lender shall be preferred to Guarantor in any assignment for the benefit of creditors in any bankruptcy, insolvency, liquidation, or reorganization proceeding commenced by or against Borrower in any federal or state court.

9. **INDEPENDENT INVESTIGATION.** Guarantor's execution and delivery to Lender of this Guaranty is based solely upon Guarantor's independent investigation of Borrower's financial condition and not upon any written or oral representation of Lender in any manner. Guarantor assumes full responsibility for obtaining any additional information regarding Borrower's financial condition and Lender shall not be required to furnish Guarantor with any information of any kind regarding Borrower's financial condition.

10. **ACCEPTANCE OF RISKS.** Guarantor acknowledges the absolute and continuing nature of this Guaranty and voluntarily accepts the full range of risks associated herewith including, but not limited to, the risk that Borrower's financial condition shall deteriorate or, if this Guaranty is unlimited, the risk that Borrower shall incur additional indebtedness to Lender in the future.

11. **SUBROGATION.** Guarantor hereby irrevocably waives and releases the Borrower from all "claims" (as defined in Section 101(5) of the Bankruptcy Code) to which Guarantor is or would, at any time, be entitled by virtue of its obligations under this Guaranty, including, without limitation, any right of subrogation (whether contractual, under Section 509 of the Bankruptcy Code or otherwise), reimbursement, contribution, exoneration or similar right against the Borrower, any co-guarantor, any third party or any collateral.

12. **APPLICATION OF PAYMENTS.** Lender will be entitled to apply any payments or other monies received from Borrower, any third party, or any collateral against Borrower's present or future indebtedness in any order.

13. **ESSENCE OF TIME.** Guarantor and Lender agree that time is of the essence to the performance of any, and all, of the Guarantor's Obligations under this Guaranty. This is a guaranty of payment and not of collection.

14. **TERMINATION.** This Guaranty shall remain in full force and effect until Lender executes and delivers to Guarantor a written release thereof. Notwithstanding the foregoing, Guarantor shall be entitled to terminate any unlimited guaranty of Borrower's future indebtedness to Lender by providing Lender with written notice of such termination by hand-delivery or certified mail. Notice shall be deemed given when received by Lender. Such notice of termination shall not affect or impair any of the agreements and Obligations of the Guarantor under this Guaranty with respect to any of the Obligations existing prior to the time of actual receipt of such notice by Lender, any extensions or renewals thereof, and any interest on any of the foregoing.

15. **ASSIGNMENT.** Guarantor agrees not to assign any of Guarantor's rights or Obligations described in this Guaranty without Lender's proper written consent which may be withheld by Lender in its sole discretion. Guarantor agrees that Lender is entitled to assign some or all of its rights and remedies described in this Guaranty without notice to or the prior consent of Guarantor in any manner. Unless the Lender shall otherwise consent in writing, the Lender shall have an unimpaired right prior and superior to that of any assignee, to enforce this Guaranty for the benefit of the Lender, as to those Obligations that the Lender has not assigned.

16. **MODIFICATION AND WAIVER.** The modification or waiver of any of Guarantor's Obligations or Lender's rights under this Guaranty must be contained in a writing signed by Lender. Lender may delay in exercising or fail to exercise any of its rights without causing a waiver of those rights. A waiver on one occasion shall not constitute a waiver on any other occasion.

17. **SUCCESSORS AND ASSIGNS.** This Guaranty shall be binding upon and inure to the benefit of Guarantor and Lender and their respective successors, assigns, trustees, receivers, administrators, personal representatives, legatees, and devisees.

18. **NOTICE.** Any notice or other communication to be provided under this Guaranty shall be in writing and sent to the parties at the addresses described in this Guaranty or such other addresses as the parties may designate in writing from time to time.

19. **SEVERABILITY.** If any provision of this Guaranty is invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

20. **APPLICABLE LAW.** This Guaranty shall be governed by the laws of the state indicated in Lender's address. Unless applicable law provides otherwise, Guarantor consents to the jurisdiction and venue of any court located in such state selected by Lender, in its discretion, in the event of any legal proceeding under this Guaranty.

21. **COLLECTION COSTS.** If Guarantor is in default and Lender has to sue or take other steps to collect or secure the Obligations, Guarantor agrees to pay Lender's reasonable costs. If the Obligations exceed $300 and Lender refers the matter to an attorney who is not a salaried employee of Lender, Guarantor agrees that these costs include a reasonable attorney's fee. If this Guaranty secures obligations incurred primarily for a consumer's personal, family, or household use, a reasonable attorney's fee will not exceed 15% of the obligations.

22. **REPRESENTATIONS OF GUARANTOR.** Guarantor acknowledges receipt of reasonably equivalent value in consideration for the execution of this Guaranty and represents that, after giving effect to this Guaranty, the fair market value of Guarantor's assets exceeds Guarantor's total liabilities, including contingent, subordinate and unliquidated liabilities, that Guarantor has sufficient cash flow to meet debts as they mature, and is paying its debts as they mature, and that Guarantor does not have unreasonably small capital.

23. **MISCELLANEOUS.** This Guaranty is executed in connection with a loan for personal, family or household purposes. Guarantor will provide Lender with a current financial statement upon request. All references to Guarantor in this Guaranty shall include all persons signing this Guaranty. If there is more than one Guarantor, their obligations under this Guaranty shall be joint and several. This Guaranty represents the complete and integrated understanding between Guarantor and Lender regarding the terms hereof.

24. **JURY TRIAL WAIVER. LENDER AND GUARANTOR HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CIVIL ACTION ARISING OUT OF, OR BASED UPON, THIS GUARANTY.**

25. **ADDITIONAL TERMS:**