# PARNELL & CRUM, P. A.

### ATTORNEYS AT LAW
### 641 SOUTH LAWRENCE STREET
### MONTGOMERY, ALABAMA 36104
Email: rrader@parnellcrum.com

CHARLES N. PARNELL, III
G. BARTON CRUM
ROBERT J. RUSSELL, JR.
BRITT BATSON GRIGGS
MATTHEW T. ELLIS
ADRIAN D. JOHNSON
J. MATTHEW PARNELL
DAYNA R. BURNETT

September 8, 2005

TELEPHONE
334-832-4200

TELECOPIER
334-293-3550

MAILING ADDRESS
P.O. BOX 2189
ZIP CODE 36102-2189

**PERSONAL & CONFIDENTIAL**
**HAND DELIVERED**

Mr. Stanley R. Melton, IV, President
R & L TRUCKING CO., INC.
2405 South Uniroyal Rd.
Opelika, AL 36804

RE:    Written Notice Of Offset Of Funds In Checking
Account No. 147089906 At Frontier Bank National
Bank In The Name of R & L Trucking Co., Inc.

Demand That R & L Trucking Co., Inc. Turn Over All
Accounts Receivable Information, Documentation
And Collections

Dear Mr. Melton:

Please be advised that this law firm represents Frontier National Bank. This letter is being
sent to you as president of R & L Trucking Co., Inc. to give you written notice of certain actions the
bank is taking today and to give you written demand concerning accounts receivable due R & L
Trucking Co., Inc. in which Frontier National Bank has a perfected security interest lien.

To refresh your recollection of the facts involving various loans made by and between
Frontier National Bank and R & L Trucking Co., Inc., I have attached as Exhibit 1 to this letter a
copy of a Loan Commitment Letter sent by the bank to you as president of R & L Trucking Co., Inc.
dated April 10, 2002. That Loan Commitment Letter acknowledged that the bank had agreed and
committed to make a loan to R & L Trucking Co., Inc. in the amount of $500,000.00, which was to
be secured by accounts receivable. The Note was intended to be a line of credit, which R & L
Trucking Co., Inc. could use to borrow money based on its available receivable base. As you know
from that commitment letter and from over three years of experience in dealing with the bank on that
loan, the bank advanced monies under the line of credit based on 75% of eligible receivables. I have
not yet had enough time to review historical records of this loan and any renewal of the loan since
it was made in the late Spring of 2002, but it is my opinion and belief, based on what documents I
have seen, that the principal balance of this loan has remained in excess of $400,000.00 almost from
the inception of the loan. At this point and time, the bank's records indicate that the unpaid principal
balance of the loan as of September 7, 2005 is $434,263.54. Again, I emphasize this is a principal
balance and does not include all accrued interest, late charges, attorney fees or costs that might be
incurred in connection with this loan.



EXHIBIT

11

Mr. Stanley R. Melton, IV
Page 2
September 8, 2005

Frontier National Bank and its various officers and employees have been seeking financial information from you, both on behalf of the corporation, R & L Trucking Co., Inc., and you personally since you guaranteed the debt. Included in the requested financial information, was a report of aged accounts receivable. The bank was not provided with this information in spite of repeated requests until recently. The documents you provided to the bank within the last few days showed that the eligible accounts receivable due R & L Trucking Co., Inc. as of August 15, 2005, was approximately $$83,000.00. Of that amount, approximately $47,000.00 represented current receivables; approximately $20,000.00 was between 16 and 25 days old; approximately $10,000.00 was between 26 and 30 days old; and the balance was in excess of 30 days. Based on the formula provided by the Loan Commitment Letter and the other loan documents, R & L Trucking Co., Inc.'s outstanding balance on the line of credit facility should only be approximately $63,000.00. It would, therefore, appear that R & L Trucking Co., Inc. is "overdrawn" or outside the draw parameters under the line of credit facility by approximately $380,000.00.

Frontier National Bank has received notice that there were two direct deposits by an account receivable debtor, which money was received in the checking account maintained by R & L Trucking Co., Inc. at the bank, Account No. 147089906. In accordance with the bank's legal and statutory right of offset, its contractual right of offset and its lien in this money pursuant to the Security Agreement, this is your written notice that Frontier National Bank has offset approximately $10,500.00 in said checking account and is in the process of applying it to reduce the loan balance on Loan No. 20018099. Please take this into account before the company issues any checks drawn on this account. Any additional direct deposits of accounts receivable income, which are received in that account, will likewise be offset and applied to reduce the Note balance.

This letter also is sent to serve as written notice of DEFAULT by R & L Trucking Co., Inc. pursuant to the terms of the Promissory Note, all loan modifications, extension agreements and renewals and default of the Security Agreement. Default has been declared for numerous reasons. First and foremost, R & L Trucking Co., Inc. has not made the August contractual monthly payment, so the Note and Security Agreement are in default due to non receipt of payment. Additionally, based on the accounts receivable line of credit being so far out of balance as explained above, Frontier National Bank is deeming itself insecure. Additionally, pursuant to Paragraph 11(h) of the Security Agreement, there has been a decline in value of the collateral (the accounts receivable due the company) unacceptable to lender (the bank). By listing these specific events of default, the bank is not limiting their basis of declaring a default to just these items, but these are just illustrative of the multiple events of default that have occurred under the loan agreements. The bank reserves the right to rely on each and every event of default, which has actually occurred at this point in time.

This letter is written demand on R & L Trucking Co., Inc. to immediately turn over to Frontier National Bank all records regarding accounts receivable due the company at this time.

Mr. Stanley R. Melton, IV
Page 3
September 8, 2005

Included, but not limited, in the documentation that should be turned over to the bank are the following items:

1.      A complete listing or aging of all receivables due at this time, including the name of the account debtor, its full address and phone number if known, and a summary of the amount due by each debtor;

2.      Copies of any invoices, Bills of Lading, or other documentation proving or supporting the account receivable due or allegedly due by the account debtor;

3.      Copies of any correspondence sent by R & L Trucking Co., Inc. to the account debtor or received from the debtor by R & L Trucking Co., Inc.;

4.      A summary of any dispute known by R & L Trucking Co., Inc. made by any debtor who disputes or refuses to pay any balance;

5.      Copies of any insurance claims, cargo claims or other claims made regarding any alleged damage to freight involved in any account receivable due R & L Trucking Co., Inc., which has not been paid due to said damage; and

6.      Any check, draft, money order, cash or other form of payment which R & L Trucking Co., Inc. receives on any account receivable.

This letter is sent to serve as written demand that R & L Trucking Co, Inc. not only turn over the documentation requested above, but any and all receipts, payments or credits that it receives from any account debtor. These monies are subject to the security interest lien of Frontier National Bank, and the bank hereby gives R & L Trucking Co., Inc. notice that it has revoked its right to collect and use said proceeds of receivables. Any use of accounts receivable collections by R & L Trucking Co., Inc. after the date of this letter shall be non-consensual and without the consent of Frontier National Bank.

Frontier National Bank hereby demands immediate receipt of a computer printout or master list of receivables giving the name of the debtor, the address and the amount due so the bank can send notice to each account debtor to make payments to the bank pursuant to the Uniform Commercial Code.

Finally, this letter is to serve as written demand that R & L Trucking Co., Inc. immediately bring the line of credit into compliance with the terms of the agreement. This would require that the company either reduce the outstanding indebtedness by approximately $380,000.00 as explained

Mr. Stanley R. Melton, IV
Page 4
September 8, 2005

above or turning over good, eligible receivables of approximately $500,000.00 immediately. Otherwise, this letter is written demand that R & L Trucking Co., Inc. immediately pay the full balance of the outstanding indebtedness as listed above.

In closing, Mr. Melton, there is one other loan currently outstanding that is owed by R & L Trucking Co., Inc. That loan is cross-collateralized with the line of credit tied to accounts receivable, and from my review, is primarily secured by a first mortgage in land and building which you own but where R & L Trucking Co., Inc. apparently conducts its day-to-day business. The company will receive notice regarding that loan at a later date. At this point in time, we want the company to know that the bank has offset the funds in the checking account, demands that the accounts receivable collections be turned over on a daily basis to the bank, that accounts receivable documentation be surrendered to the bank immediately and that this loan be paid off within seven (7) calendar or five (5) business days from the date of this letter.

Sincerely,

Charles N. Parnell, III

rlr

Enclosure

cc:    Mr. Davis B. Whittelsey, Esq.
       Mr. James M. Yates