IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT EASTERN DIVISION

FRONTIER BANK, a Georgia
state banking corporation,

      Plaintiff,

vs.                                        CASE NO.  3:05 cv 901-F

R & L TRUCKING COMPANY, INC.,
an Alabama corporation, SRM FINANCIAL,
INC., an Alabama corporation, and
STANLEY R. MELTON,IV, an individual,

      Defendants.

## MOTION REQUESTING COURT SCHEDULE IMMEDIATE HEARING ON INJUNCTIVE RELIEF

COMES NOW the Plaintiff, by and through its attorney of record, and moves the Court to set a hearing to consider the Plaintiff's request for injunctive relief.  In support of said relief and as grounds for said Motion, Plaintiff would show the Court as follows:

1.      The loans which are the subject of this lawsuit between the Bank and the Defendants are indisputably in default.

2.      Pursuant to the terms of the Security Agreement between the Bank and Defendant, R & L Trucking Company, Inc., the Bank has a first priority perfected security interest in the accounts receivable, contract rights and debts owing to Defendant, R & L Trucking Company, Inc.

3.      Pursuant to the provisions of the Security Agreement and the Uniform Commercial Code as adopted by the State of Alabama, upon default, Frontier Bank, Plaintiff herein, has the right to give notice to account debtors of R & L Trucking Company, Inc. to pay the Bank directly.  The Bank wishes to exercise that right but has been

1

frustrated in its attempt to do so because R & L Trucking Company, Inc. refuses to turn over to the Bank documents, invoices, Bills of Lading, addresses and other information that the Bank needs in order to give notice to said account debtors.  In the meantime, R & L Trucking Company, Inc. apparently continues to collect on receivables due Frontier Bank.

4.    Pursuant to the loan provisions of the loans between Frontier Bank and R & L Trucking Company, Inc., the Defendant, R & L Trucking Company, Inc. was entitled to draw up to 75% of eligible receivables.  As set forth in the Complaint, on to-wit: August 15, 2005, the Bank believes the receivables due R & L Trucking Company, Inc. totaled somewhat less than $85,000.00.  Instead of having a balance of approximately $60,000.00 pursuant to the draw provisions of the accounts receivable line of credit, R & L Trucking Company, Inc. had drawn and owed the Bank well in excess of $400,000.00 or nearly five times the amount of outstanding receivables.  As a result, R & L Trucking Company, Inc. was "out of formula" approximately $370,000.00.

5.    Applicable case law imposes a four-pronged test upon Frontier Bank to meet its burden for injunctive relief in this case.  Addressing each of those tests individually, the Bank would show this Court as follows:

A.    The first test is "a significant risk of irreparable harm in the absence of the injunctive relief".  Clearly, the account receivable base of R & L Trucking Company, Inc. has been declining dramatically in recent weeks and months.  When this loan was made in the Spring of 2002, R & L Trucking Company, Inc. had accounts receivable in excess of $550,000.00.  In the ensuing time, those receivables have dramatically and significantly declined to less than $84,000.00 as of August 15, 2005.  Plaintiff believes the receivables will continue to decline.

2

Defendant, R & L Trucking Company, Inc. is not paying Frontier Bank any amount of money, but rather is collecting all of the receivables and using it to pay other expenses or is spending the money in other ways unknown to the Bank. Bank believes that the total receivables are continuing to decline since the Defendant, R & L Trucking Company, Inc. is only operating approximately five trucks at this point in time, and clearly, it will suffer irreparable harm and injury if this Court does not consider granting injunctive relief as requested in the Complaint.

B.     The second test is "that such harm outweighs any harm which granting injunctive relief will inflict on the defendant".  Preventing R & L Trucking Company, Inc. from continuing to spend the Bank's money represented by the accounts receivable would not harm Defendant, R & L Trucking Company, Inc., nearly so much as it would harm the Bank. Defendant, R & L Trucking Company, Inc. has already collected in spent almost One-Half Million Dollars in receivables that were subject to the Bank's security interest lien, but has not, during that course of time, reduced the Bank's principal debt at all. Admittedly, if this Court grants injunctive relief and prohibits Defendant, R & L Trucking Company, Inc. from collecting and spending its accounts receivable further, it may have a result of putting R & L Trucking Company, Inc. out of business. Plaintiff should not be expected to continue to cover the substantial losses this business is generating from its collateral base any further than it has already done so.  It is unreasonable to expect the Bank to allow its collateral to be diminished further under the facts and circumstances of this case.

3

C.    The third test is "a likelihood of success on the merits".  The undisputed facts will show that when this loan was made in the Spring of 2002, Defendant, R & L Trucking Company, Inc. had receivables totaling over $550,000.00 and that as of August 15, 2005, that receivable base had declined to less than $85,000.00.  In that same period of time, Defendant, R & L Trucking Company, Inc. has not reduced the principal balance of its outstanding line of credit loan to the Bank more than an insignificant amount and continues at this point in time to owe the Bank a balance of approximately $400,000.00.  The loan documents clearly require R & L Trucking Company, Inc. to draw an amount not exceeding 75% of eligible receivables.  It should be undisputed that R & L Trucking Company, Inc. has significantly overdrawn the line of credit and is out of formula under the provisions of the loan agreement.

D.    The final test is "that the public interest will not be adversely affected by granting the injunction".  If anything, public interest will be enhanced by this Court granting injunctive relief so the status quo can be preserved while the parties pursue arbitration, assuming the Defendants exercise their right to request arbitration, which as of the filing of this Motion, has not been done.

6.    Even if this Court receives a demand for arbitration from the Defendants, the Court has jurisdiction to consider and rule upon the Plaintiff's request for injunctive relief. First of all, the Arbitration Agreement, a copy of which is attached hereto and made a part hereof as Exhibit 1, contains the following provision:

"4. Except as to provisional remedies, self-help and foreclosure, each party consciously agrees to waive its right to trial by jury or by judge and to submit to mediation and/or binding arbitration."

4

7.    A number of federal courts have recently considered whether or not granting injunctive relief is barred or stayed by contracts containing arbitration provisions.  Plaintiff would cite this Court to the cases of Teradyne, Inc. v. Mostek Corp., 797 F.2d 43 (First Circuit Court of Appeals, 1986); Danieli & C. Officine Meccaniche S.p.A. v. Morgan Construction Company, 190 F.Supp.2d 148 (United States District Court of Massachusetts); and Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 2005 WL 1431882 (a District Court of Puerto Rico).  Copies of all three Opinions are attached hereto and made a part hereof as Exhibits 2, 3 and 4 respectively.  All of the cases clearly hold that notwithstanding an arbitration provision being present in the contractual agreements between the parties, a federal district court has authority to grant preliminary injunctive relief to preserve the status quo pending arbitration provided the prerequisites as discussed above for injunctive relief are met.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests the Court set this matter down for an immediate hearing on the Plaintiff's request for injunctive relief.  Plaintiff asks for whatever further or additional relief to which it may be entitled.

RESPECTFULLY SUBMITTED, this the 28th day of September, 2005.


_/s/ Charles N. Parnell, III___
CHARLES N. PARNELL, III
CO-COUNSEL FOR PLAINTIFF
ATTORNEY CODE: PAR016

OF COUNSEL:
PARNELL & CRUM, P.A.
PO BOX 2189
MONTGOMERY, ALABAMA   36102-2189
334/832-4200

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the below listed party by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the 28th day of September, 2005.

_/s/ Charles N. Parnell, III_____
OF COUNSEL

Davis B. Whittelsey, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, AL 36803-0106