RECEIVED
2005 OCT -6 P 3:42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRONTIER BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:05 CV 901-F |
| | ) |
| R & L TRUCKING COMPANY, INC., | ) |
| et als., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST
FOR INJUNCTIVE RELIEF**

Come now the Defendants, R & L Trucking Company, Inc. (hereinafter referred to as "R&L"), SRM Financial, Inc. (hereinafter referred to as "SRM") and Stanley R. Melton, IV (hereinafter referred to as "Melton"), by through their undersigned attorneys of record, as requested by this Honorable Court, without submitting to the jurisdiction of this Court, and respond to Plaintiff's Request for Injunctive Relief, without waiving the right to file any and all motions prior to responsive pleadings, including but not limited to the right to file motions to compel arbitration, and specifically objecting to and challenging this Court's in persona and subject matter jurisdiction, and as grounds therefore, state as follows:

1. On or about the 21st day of September, 2005, Plaintiff filed its complaint in the above styled case alleging (1) two counts of breach of contract by all defendants and (2) one count seeking injunctive relief. (See Plaintiff's Complaint).

1

2. On the 3rd day of October, 2005, this Honorable Court conducted a telephonic conference with attorneys for all parties regarding Plaintiff's "Motion Requesting Court Schedule Immediate Hearing on Injunctive Relief."

3. At the close of said conference call, this Honorable Court directed the attorneys for Defendants to respond to questions raised by Plaintiff's motion for injunctive relief, (1) Does this Court have jurisdiction to entertain Plaintiff's motion for a temporary restraining order taking into account the arbitration agreement entered into by the parties?; (2) Is R&L in default?; and (3) If this Court does have jurisdiction to entertain Plaintiff's motion, what harm, if any, would such an injunction inflict upon R&L?

4. The issues raised by Plaintiff are subject to arbitration, and the parties did not specifically reserve the right to seek injunctive relief outside of arbitration; therefore, this Honorable Court does not have jurisdiction to entertain Plaintiff's claim for injunctive relief. Even if this Court had jurisdiction to entertain such claim, R&L is not in default of the loan at issue, and Plaintiff cannot meet its burden as to the four prerequisites to be met in obtaining injunctive relief.

WHEREFORE, Defendant's pray this Honorable Court will refer Plaintiff's motion for injunctive relief to arbitration or, in the alternative, deny said motion.

Respectfully submitted this the 6th day of October, 2005.

2

WHITTELSEY, WHITTELSEY & POOLE, P.C.

/s/ _____
BY: DAVIS B. WHITTELSEY
Bar #:WHI067
Attorney for Defendant
Post Office Box 106
Opelika, Alabama 36803-0106
Tel.: (334) 745-7766
Fax: (334) 745-7666

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following individuals, by hand delivering a copy or by placing it in the United State mail, postage prepaid, at their correct addresses this the 6th day of October, 2005.

Charles N. Parnell, III
Parnell & Crum, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189
Tel.: (334) 832-4200
Fax: (334) 293-3550

/s/ _____
DAVIS B. WHITTELSEY

3