IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRONTIER BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:05-cv-901-F |
| ) | (WO) |
| R & L TRUCKING CO, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

This cause is before the court on Plaintiff's Motion for Temporary Restraining Order / Motion for Injunctive Relief as found in the Complaint (Doc. # 1) filed on September 21, 2005. A telephone conference was held on October 3, 2005, and both parties have fully briefed the issue.

The dispute in this case involves a line of credit extended by the Plaintiff, Frontier Bank, to one of the Defendants, R & L Trucking. The Plaintiff has asked this court to issue a preliminary injunction that would prevent R & L Trucking from accessing or spending any of its current accounts receivable until such time as the dispute involving R & L's alleged default is resolved.

A Motion to Compel Arbitration has been filed by the Defendant in this case (Doc. # 11), so the court must first address whether it has jurisdiction to entertain a request for preliminary injunctive relief if the dispute is due to be resolved by arbitration. Several federal courts have found that such jurisdiction is proper, and this court does not disagree. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dunn*, 191 F. Supp. 2d 1346 (M.D.

Fla. 2002); *American Express Financial Services, Inc. v. Makarewicz*, 122 F.3d 936 (11th Cir. 1997); *Danieli & C. Officine Maccaniche S.p.A. v. Morgan Construction Company*, 190 F. Supp. 2d 148 (D. Mass. 2002); *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1st Cir. 1986).

A four-prong test for evaluating a request for a preliminary injunction has been established by the Eleventh Circuit. "Under this test, the party moving for a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the preliminary injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm that the injunction may cause the opposing party; and (4) that granting preliminary injunctive relief is not adverse to the public interest." *Digitel Corp. v. Deltacom, Inc.*, 953 F.Supp. 1486, 1495 (M.D. Ala. 1996) (citing *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991). The Eleventh Circuit has further stated that "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 -1307 (11th Cir. 1998) (quoting *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)) (internal quotations omitted).

Both parties have submitted allegations concerning the merits of this case, which hinges on whether or not the Defendant has defaulted on a line of credit provided by the Plaintiff. The court recognizes that a material dispute exists regarding the terms of the

parties' agreement, and therefore concludes that Plaintiff has not established a substantial likelihood of success on the merits, sufficient to convince the court that preliminary injunctive relief is appropriate.

Further, the Plaintiff has failed to demonstrate how it will suffer irreparable harm in the absence of injunctive relief. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir.1991) (quoting *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir.1983)). In the present case, Frontier bank has not offered evidence that it will suffer any harm beyond monetary loss if the preliminary injunction is not issued. In addition, "[i]n determining whether to grant injunctive relief, the court must also weigh the balance of harm between the parties." *Digitel Corp.*, 953 F.Supp. at 1498. The Defendants have stated that R & L Trucking would undoubtedly go out of business if this preliminary injunction were granted. Weighing these three factors,[1] the court finds that the Plaintiff has not met its burden of showing the need for a preliminary injunction in this case.

Therefore, for the reasons stated above, the Plaintiff's Motion for Temporary Restraining Order / Motion for Injunctive Relief is DENIED.

DONE this the 17th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As the court finds the first three factors in the four-prong test to be dispositive of the issue, it declines to address the fourth prong.