IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT EASTERN DIVISION

FRONTIER BANK, a Georgia
state banking corporation,

    Plaintiff,

vs.                                                CASE NO. 3:05 cv 901-F

R & L TRUCKING COMPANY, INC.,
an Alabama corporation, SRM FINANCIAL,
INC., an Alabama corporation, and
STANLEY R. MELTON, IV, an individual,

    Defendants.

### MOTION REQUESTING COURT ORDER DEFENDANTS TO EXECUTE ARBITRATION FORMS TO ALLOW ARBITRATION CASE TO PROCEED, OR IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANTS' DEFENSES OF ARBITRATION

    COMES NOW the Plaintiff, by and through its attorney of record, and moves the Court to enter an Order compelling and ordering the defendants to execute all of the appropriate documentation to commence an arbitration proceeding in this case per the request of the Defendants to seek arbitration. Plaintiff would further, or alternatively, ask the Court to strike the defense of arbitration and to go forward with hearing Plaintiff's claims in this Court if the Defendants do not promptly submit forms to commence the arbitration proceeding. In support of this Motion and as grounds for said relief, Plaintiff would show the Court as follows:

    1.    Plaintiff originally filed this action in this Court on, to-wit: September 21, 2005.

2. Defendants subsequently filed pleadings in this Court asking this case to be dismissed alleging that the loan agreements between the parties were subject to contractual arbitration proceedings. Plaintiff admitted that the loan documents were subject to written agreements entitled Mediation and Arbitration Agreement. A copy of one such Agreement executed by the parties in relation to just one of the loans which was the subject of this original litigation is attached hereto and made a part hereof as Exhibit A.

3. Defendants specifically plead in this Court that this case should not be heard by this Court due to the arbitration provisions of the contractual agreements. Plaintiff interpreted that pleading as an election by the Defendants collectively to seek arbitration.

4. This Court upheld the Defendants' position due to the arbitration provisions of the contractual agreements.

5. Counsel for Plaintiff waited for the Defendants' attorney to complete the usual and customary documentation to start the arbitration process. Upon not receiving it within a reasonable period of time, counsel for Plaintiff obtained the arbitration forms, completed them and submitted them to Defendants' attorney to be completed and signed by him. These documents were originally submitted on January 25, 2006. A copy of counsel for Plaintiff's letter with the enclosed simple arbitration form that needs to be completed is attached hereto and made a part hereof as Exhibit B and C respectively.

6. In the ensuing weeks, Plaintiff's attorney has requested counsel for the Defendants to complete the arbitration submission form so that the arbitration process could be started and a hearing scheduled, but to date, counsel for the Defendants will not execute the documentation and return.

7.   The documentation indicates clearly "signatures of all parties are required". This requirement is logical in the sense that the parties are seeking binding arbitration and must consent in advance that the decision of the arbitrator is both binding and enforceable.

8.   The Defendants have frustrated the arbitration process by refusing to execute the documentation to commence the arbitration proceeding.

9.   Defendants are attempting to further delay, hinder and frustrate Plaintiff in its claims and the enforcement of its claims and security interest liens against the Defendants by these actions.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays that this Court will order the following alternative relief:

1.   Order the Defendants to complete and submit to the American Arbitration Association all appropriate and necessary documentation to commence an arbitration proceeding on these matters within a reasonable period of time, hopefully not to exceed ten (10) days from the date of any Order of the Court; or

2.   Alternatively, that this Court determine that the Defendants are not going to properly proceed with the arbitration proceeding and that, therefore, this Court should consider that the Defendants have waived the arbitration proceedings and that this Court re-take jurisdiction of this matter and hear the claims of Plaintiff as originally requested when this case was filed. Plaintiff asks for whatever other or additional relief to which it may be entitled.

RESPECTFULLY SUBMITTED, this the 29th day of March, 2006.

    /s/ Charles N. Parnell, III
CHARLES N. PARNELL, III
CO-COUNSEL FOR PLAINTIFF
ATTORNEY CODE: PAR016

OF COUNSEL:
PARNELL & CRUM, P.A.
PO BOX 2189
MONTGOMERY, ALABAMA   36102-2189
334/832-4200

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the below listed party by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the 11th day of October, 2005.

    /s/ Charles N. Parnell, III
OF COUNSEL

Davis B. Whittelsey, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, AL 36803-0106