# MEDIATION AND ARBITRATION AGREEMENT

(the "Transaction")

| BORROWER | BANK | |
|---|---|---|
| | | OFFICER NO.   MHM |
| R & L Trucking Co., Inc. | Frontier Bank, National Association | CUSTOMER NO.   R018198 |
| | Auburn Office | LOAN NO.   20018099 |
| | 1678 South College St | RENEWAL OF   20018099 |
| | Auburn, AL 36830 | DATE   May 01, 2003 |
| 2405 South Uniroyal Road | (334) 821-6455 | LOAN AMOUNT   $500,000.00 |
| Opelika, AL 36801 | | MATURITY DATE   May 01, 2004 |

This Agreement is entered into on the date hereafter stated by and between _____

Frontier Bank, National Association Auburn Office _____ ("Bank") and

_____

R & L Trucking Co., Inc. _____ ("Borrower").

**1. Part of Transaction.** This document is a part of the agreement and transaction between Bank and Borrower described above (the "Transaction"). This document is incorporated into each document executed in connection with the Transaction. In the event of a conflict between the provisions of this document and other documents executed in connection with the Transaction, the provisions of this document shall control.

**2. Consideration.** The consideration for this agreement is the consideration given and received in the Transaction, and the mutual benefits to be derived by Bank and Borrower from the convenient, expeditious, economical, and private procedures for resolving disputes between them concerning the Transaction.

**3. Dispute Resolution.**

(a) If a controversy or claim arises out of or relates to the Transaction, either party may request before or after institution of legal proceedings or arbitration that it be resolved by good faith mediation, administered by the _____ American Arbitration Association, Inc. _____ ("Arbitration Service Provider") under its Mediation Rules. The parties agree that the request for mediation shall be in writing no later than 45 days after the written assertion of a claim. The Mediator shall be chosen no later than 45 days after the request for mediation, and the mediation process shall be concluded no later than 45 days after selection of the mediator.

(b) If there is no request for mediation within the time prescribed in paragraph 3(a), or if there is mediation and the controversy or claim is not resolved through mediation or otherwise in the period prescribed in paragraph 3(a), the controversy or claim shall at the request of any party, made before or after institution of legal proceedings, be determined by binding arbitration. This Transaction involves interstate commerce, and the arbitration is subject to and shall be conducted in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, et. seq., as amended, notwithstanding any choice of law or provision in this Agreement or any other documents executed in connection with the Transaction, and under the Arbitration Rules of the Arbitration Service Provider. The Arbitrator(s) shall have authority to award damages and grant such other relief he/she deems appropriate including the assessment of all or some portion of the prevailing party's attorneys fees against the losing party. The Arbitrator(s) shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the Arbitrator. Judgment upon the arbitration award may be entered in any court having jurisdiction. The Arbitrator shall be chosen no later than 30 days after filing of the claim with the Arbitration Service Provider. The arbitration procedures shall be concluded, and the Arbitrator's award issued, no later than 30 days after selection of the Arbitrator.

(c) **Provisional remedies, self-help and foreclosure.** The institution and maintenance of an action for judicial relief or pursuit of a provisional and ancillary remedy shall not constitute a waiver of the right of any party, including the plaintiff, to submit the controversy or claim to mediation or arbitration if any other party contests such action for judicial relief. No provision of paragraphs 3(a) or 3(b) shall limit the right of any party to this Agreement to exercise self-help remedies such as setoff, to foreclose against or sell any real or personal property, collateral or security, or obtaining provisional or ancillary remedies from a court of competent jurisdiction before, after, or during the pendency of any arbitration or other proceeding. The exercise of a remedy does not waive the right of either party to resort to mediation or arbitration.

(d) In the event of a conflict between the provisions of this document and the Mediation or Arbitration Rules of the Arbitration Service Provider, the provisions of this Agreement shall control. Class action arbitration may be ordered and all similar claims consolidated upon the finding of the arbitrator appointed hereunder that Customers with identical or similar claims against Bank have brought suit or have a claim against Bank.

(e) The parties intend that the scope of this Agreement shall be construed as broadly as possible so as to include any and all claims, controversies or disputes arising out of the subject matter of the Transaction and the relationships which result from the Transaction, including, but not limited to, any claims of misrepresentation, concealment of material facts, or fraud among the parties that may have preceded entry into the Transaction or this Agreement.

**4. Administrative Fees and Expenses.**

(a) Any Administrative Fees not exceeding $ 250.00 charged by the Arbitration Service Provider for mediation shall be advanced and paid by Bank. The fees of the Mediator and any other expenses jointly incurred by the parties shall be shared equally between Bank and Borrower.

(b) Any Administrative Fees charged by the Arbitration Service Provider not exceeding $ 250.00 for arbitration by an Arbitrator shall be advanced by Bank. Administrative Fees in excess of $ 250.00 shall be advanced by the party filing the claim. In all instances, the Arbitrator shall have the authority to allocate responsibility for the Administrative Fees between the parties. The parties shall equally share the fees of the arbitrator and other jointly incurred expenses.

**5. Selection of Mediators and Arbitrators.**

(a) A single Mediator acceptable to Bank and Borrower shall be selected from the panel of mediators submitted by the Arbitration Service Provider. If Bank and Borrower are unable to agree upon the Mediator, the Mediator shall be selected by the Arbitration Service Provider.

(b) On claims of $ 10,000.00 or less, including counter-claims, an Arbitrator shall be selected from a panel of 3 arbitrators submitted by the Arbitration Service Provider, by Bank and Borrower either agreeing on the Arbitrator or striking persons from the panel until one person is left, that person being the Arbitrator. On claims in excess of $ 10,000.00, including counter-claims, 1 Arbitrator(s) shall be selected from a panel of 10 arbitrator(s) submitted by the Arbitration Service Provider by Bank and borrower either agreeing on the arbitrators or striking persons from the panel until 1 persons are left, those persons being the Arbitrators. The determination of who shall make the first strike and the resolution of any disputes concerning selection, including, necessary, the appointment of the Arbitrator(s), shall be done by the Arbitration Service Provider.

**6. Discovery.**

(a) There shall be no discovery in connection with mediation other than any voluntary exchange of information document(s) agreed to by the parties.

EXHIBIT

A

FSHEI05012003011820P

ALABBMED  Rev. 5/18/99

(b) The Arbitrator shall have the power to authorize reasonable discovery & to issue any necessary orders and subpoenas. Bank and Borrower agree that all discovery shall be limited and expedited to the maximum extent practical and the Arbitrator is specifically requested and encouraged to minimize discovery and its cost to the maximum extent practicable. In no event shall the Arbitrator allow discovery which would result in this matter not being concluded and an award issued in the time specified herein.

7. <u>Location</u>. The mediation and arbitration sessions shall be held at a location mutually acceptable to Bank and Borrower. If Bank and Borrower cannot agree on the location, the location shall be selected by the Arbitration Service Provider.

8. <u>Confidentiality</u>. To the extent permitted by applicable law, all proceedings pursuant to or in connection with this Agreement shall be kept strictly confidential, except for disclosures of information required in the ordinary course of the business of Bank and Borrower or by applicable law or regulation. This provision shall not exempt from discovery or use in any other or future action any evidence otherwise discoverable merely because it is presented in, referred to, or discussed in the course of, or in connection with, proceedings pursuant to this Agreement.

9. <u>Severability</u>. If any provision of this Agreement is found to be unenforceable, the remaining provisions shall be enforced to the extent permitted by applicable law and in lieu of any such unenforceable provision, there shall be substituted in its place a provision as similar in substance and effect as is capable of being enforced.

10. <u>Successors and Assigns</u>. This Agreement shall be binding upon, and shall enure to the benefit of, the parties, any co-signers, endorsers, guarantors or other obligors to the Transaction and their respective successors and assigns.

11. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the parties with respect to its subject matter and supersedes all prior discussions, arrangements, negotiations, and other communications, if any, on dispute resolution. The undersigned agree that this Agreement may not be amended or modified in any respect except in writing.

12. If a dispute or claim is not subject to arbitration for any reason, then it shall be decided in a court of competent jurisdiction without a jury. Guarantor and Lender irrevocably waive all rights to trial by jury.

13. <u>Additional Terms</u>.

WITNESS OUR SIGNATURES, this the _1 st_ day of _May 2003_.

BANK

**Frontier Bank, National Association Auburn Office**

By: _____
Mike Mann, Area Executive

R & L Trucking Co., Inc.
BY: _____
Borrower   Stanley R. Melton, IV, President   DATE

By: _____
Guarantor   Stanley R. Melton, IV, individually   DATE

SRM Financial, Inc.
BY: _____
Guarantor   Stanley R. Melton, IV, President   DATE

ALARBMED Rev. 5/18/99